16357

CENTER *ET AL.* v. VAUGHAN *ET AL.*
(59 S. E. (2d) 491)

*Messrs. Wyche, Burgess & Wofford* and *Bowen & Bryson,* all of Greenville, *for Appellants,*

*Messrs. Price & Poag* and *Leatherwood & Walker,* all of Greenville, *for Respondents,*

*Messrs. Wyche, Burgess & Wofford* and *Bowen & Bryson,* all of Greenville, *for Appellants,*

May 12, 1950.

BAKER, Chief Justice.

The complaint in this action alleges: (1) The minority of certain named plaintiffs and the appointment and qualification of a Guardian *ad Litem* for them. (2) That G. R. Center departed this life testate, leaving as his sole heirs and distributees, his widow, Mrs. Lettie Center, a son, four daughters and several grandchildren, the children of a predeceased daughter and a predeceased son, all of whom are joined as plaintiffs with the exception of two of the daughters, Mrs. Valley Vaughan and Mrs. Callie Gravley, who are the defendants. (3) "That defendants are in exclusive possession of the premises mentioned in Item 2 of the will of G. R. Center, claiming said real estate as their own under said Item, have made no accounting to plaintiffs or the other heirs for their residing thereon; that the defendants are not the owners of said real estate, for the following reasons: That by the second item of his will, the said G. R. Center willed and devised to the defendants the 32 acres of land therein described upon the following condition:

'Provided, however, that if my wife, Lettie Center, shall be living at the time of my death, as a condition precedent to my two daughters above named, having the 32 acres of land, that they shall provide a home for my said wife on said 32 acres of land as long as she shall live and upon her death to pay all of her funeral expenses.'

"A copy of said will dated June 9, 1941, is hereto attached and made a part of this complaint; That the testator's wife, Lettie Center, survived the testator and is still living, being a party plaintiff herein; That by said condition precedent above quoted, the testator provided that before the title to said property should vest in the defendants, they must have provided a home for his said widow on said 32 acres of land from the date of his death, to-wit, November 9, 1947, until the death of the said widow; That from the death of the said testator on the date above mentioned until the institution of this action, the defendants have utterly disregarded and failed to perform the above-quoted condition in that they have failed to provide the said Lettie Center a home on said 32 acres of land, have failed and refused to provide her the necessaries of life, have failed and refused to provide her with sufficient food and clothing, and fuel to keep her warm; That the said Lettie Center is an aged person, being 82 years of age, and is very feeble, and is in need of the care and attention which daughters, or some other female attendant, alone could give, but the defendants have failed and refused to render such attention and care, even though each of the defendants have resided nearby on the said 32 acre tract; That when the plaintiff, Roy Center, a son of the said Lettie Center, and her only attendant, was compelled to leave the home occupied by him and his mother, a daughter of the said Lettie Center, Mrs. Allie C. Sloan, chanced to call by the house occupied by her mother, and finding her utterly neglected, carried her to her own home several miles in the country, where she remained for several weeks, except for some time spent with another daughter, Mrs. Ollie C. Plumley, a plaintiff herein; That the defendants, by their failure to perform, in the par-

ticulars herein set forth, the condition precedent in said will above quoted since the date of testator's death,—a period of approximately one and one-half years,—have rendered said condition impossible of performance, in that the defendants cannot now discharge the duties and responsibilities imposed upon them by said condition precedent for the whole period from the date of testator's death until the death of the said Lettie Center; Hence the title to said 32 acres can never vest in the defendants, is intestate property of the said G. R. Center, and plaintiffs are entitled to a recovery of said real estate and the possession thereof, and to have same partitioned and sold pursuant to law, and the proceeds distributed according to the Statute of Distributions, this being the only real estate in this State owned by the parties hereto, either jointly or as tenants in common."

The prayer of the complaint reads: "Wherefore, Plaintiffs pray judgment against the defendants for a recovery of said real estate and the possession thereof, the same being intestate property of the said G. R. Center, deceased; that same be partitioned according to law; and for the cost of this action."

Item 2 of the will of G. R. Center, of which only a portion is set out in the complaint, is as follows: "Second: If I have not disposed of it before my death, I will and devise the 32 acres of land upon which I reside at Greer, South Carolina, just outside of the limits of the town, to my two daughters, Valley Vaughn and Callie Gravley. Provided, however, that if my wife, Lettie Center, shall be living at the time of my death, as a condition precedent to my two daughters above named having the 32 acres of land, that they shall provide a home for my said wife on said 32 acres of land as long as she shall live and upon her death to pay all of her funeral expenses. If my wife pre-deceases me, then my two daughters shall have said 32 acres of land in fee simple. In other words, it is my intention to provide for a life estate for my wife upon said 32 acres of land."

The answer of Mrs. Valley Vaughan in paragraph 1, denies each and every allegation of the complaint except those thereinafter expressly admitted. Admits paragraphs 1 and 2 of the complaint, and further admits that by Item 2 of his will, G. R. Center devised the thirty-two acres of land in question to the defendants, reserving to Lettie Center, wife of G. R. Center, a life estate in and upon said tract of land; and that Mrs. Lettie Center survived her husband and is still living. The answer of Mrs. Callie Gravley denies each and every allegation of the complaint, and alleges that under the terms of the will of G. R. Center, that her mother, who is also the mother of her co-defendant, was devised a life estate in the thirty-two acre tract of land and that she has for months been enjoying said life estate, over which the defendants have no control. It is further alleged that this defendant and her co-defendant have complied with the terms of the will of G. R. Center in every respect; that at times since the death of G. R. Center she and her sister (her co-defendant) have not been able to do things for their mother as they desired because of the interference of the plaintiff, Roy Center, their brother, who lived with their mother, Mrs. Lettie Center; that on several occasions, Roy Center, while in a drunken condition, forced them to leave the premises when they went there to look after the wants of their mother.

Issue having been joined, on May 13, 1949, defendants' attorneys served notice upon plaintiffs' attorneys of a motion to be made in the Circuit Court on May 17, 1949, for an order referring this case to the Master in Equity for Greenville County, to take the evidence and report his conclusions of law and fact to the Court of Common Pleas. The motion was based on the pleadings.

On May 16, 1949, plaintiffs' attorneys served upon defendants' attorneys the following notice:

"Please Take Notice: That, without waiving, but specifically reserving, all rights which the plaintiffs may have

under Section 593, Code of Laws of 1942, and any other applicable laws or rules of court, to have the above entitled cause tried by a jury as a matter of right, the undersigned, attorneys for the plaintiffs, will move before the Presiding Judge, either in open court or at chambers, in the Greenville County Courthouse, Greenville, South Carolina, upon the first day of the next term of the Court of Common Pleas for the County and State aforesaid, at 10:00 o'clock A. M. or as soon thereafter as counsel can be heard, immediately after the call of Docket No. 3, for an order requiring that the whole of the following issue or question of fact be tried by a jury:

I

"Have the defendants, Valley Vaughan and Callie Gravley, since the death of G. R. Center on November 9, 1947, and up until the institution of this action on or about April 21, 1949, provided Mrs. Lettie Center, the wife of the testator, G. R. Center, a home on the 32 acres of land as required as a condition precedent to said two defendants' having title to the 32 acres of land, as provided in Item II of the Last Will and Testament of said G. R. Center?"

On the ——— day of May, 1949, the defendants' motion was heard by the Honorable J. Robert Martin, Jr., the resident Judge of the Thirteenth Circuit, and taken under advisement. "At the hearing, the motion was opposed by plaintiffs' attorneys on two grounds: (1) That the complaint stated a cause of action for the recovery of specific real property and a cause of action for partition, the proper procedure being that the issue for the recovery of real property be first disposed of by a trial by jury; and (2) the passing of an order by Judge Martin referring the cause to the Master would deprive the plaintiffs of their right to move before the Presiding Judge at the 'next term' of Court of Common Pleas for an Order framing issues to be tried by a jury, given them by Rule 28 of the Circuit Court Rules."

On the 8th day of July, 1949, Judge Martin filed his ▌ Order granting defendants' motion, and in so doing stated: "This action construed in the light of the complaint is in effect an action for partition and should therefore be referred." In the paragraph immediately following, it is stated: "In view of the conclusions announced above, plaintiffs' motion to frame issues should be and the same is hereby refused." However, plaintiffs' motion to frame issues was not for hearing before Judge Martin, and that portion of his Order will be treated as surplusage. There had been no term of the Court of Common Pleas for Greenville County at which plaintiffs' motion to frame issues could be heard, the June term of said Court having been called off or cancelled.

This appeal is from the Order of Judge Martin, the specifications of error being:

"(a) His Honor should have held that the Amended Complaint states (1) a cause of action for the recovery of specific real property, entitling plaintiffs to a trial of this issue by a jury, and (2) a suit for partition, whereas His Honor held it states a cause of action in partition only; and

"(b) The issuing of said Order deprives plaintiffs of their right to move before the Presiding Judge at the 'next term' of the Court of Common Pleas for an Order framing issues to be tried by a jury under Rule 28 of the Circuit Court Rules."

It is obvious from the pleadings that the first issue for disposal is the construction of the will. This phase of the plaintiffs-appellants' cause of action does not involve a claim for the recovery of specific real property entitling plaintiffs-Appellants to a jury trial. It involves only the determination, from the language of the will itself, of the estate which devolved on the plaintiff, Mrs. Lettie Center.

When this question has been settled, there may be involved the factual question whether, as claimed by the plaintiffs-appellants, there has been a failure on the part of the

defendants-respondents to carry out the provisions of Item 2 of the will, or the deprivation of Mrs. Lettie Center of her rights under the will.

In the light of the foregoing the order of Judge Martin is affirmed as it has been construed, that is that the only issue referred is the construction of the will. Such other issues as the pleadings make are reserved, as is the manner of trial of them. The latter questions are unaffected by this construction and affirmance of the order.

Affirmed as construed.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.